NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL STRAUSBAUGH, | No. 19-16780 |
| Petitioner-Appellant, | D.C. No. 4:17-cv-00333-JAS |
| v. | |
| J. T. SHARTLE, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
James A. Soto, District Judge, Presiding

Submitted February 4, 2020**

Before:    FERNANDEZ, SILVERMAN, and TALLMAN, Circuit Judges.

Federal prisoner Michael Strausbaugh appeals pro se from the denial of his 28 U.S.C. § 2241 habeas corpus petition, in which he challenged the loss of 27 days of good-conduct time following the Bureau of Prisons ("BOP")'s finding that he attempted to "[u]se [] the mail for abuses other than criminal activity which

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

circumvent mail monitoring procedures" in violation of BOP Prohibited Act Code 296A, 28 C.F.R. § 541.3 Table 1, 296. We have jurisdiction under 28 U.S.C. § 1291 and, reviewing de novo, *see Lane v. Swain*, 910 F.3d 1293, 1295 (9th Cir. 2018), *cert. denied*, 140 S. Ct. 60 (2019), we affirm.

Strausbaugh first contends that the prison disciplinary decision violates his First Amendment rights. We disagree, because the BOP's prohibition against abusing the prison mail system to circumvent mail monitoring procedures satisfies the test outlined by the Supreme Court. *See Procunier v. Martinez*, 416 U.S. 396, 413 (1974) (the regulation must "further[] one or more of the substantial governmental interests of security, order, and rehabilitation" and "be no greater than is necessary or essential to the protection" of those interests), *overruled on other grounds by Thornburgh v. Abbott*, 490 U.S. 401 (1989); *see also Bonin v. Calderon*, 59 F.3d 815, 823 (9th Cir. 1995) ("We may affirm on any ground supported by the record, even if it differs from the rationale of the district court.").

Strausbaugh also contends that the BOP's decision was not supported by the greater weight of the evidence, as required by 28 C.F.R. § 541.8(f). Whether the applicable standard is the greater weight of the evidence or merely "some evidence," *Superintendent v. Hill*, 472 U.S. 445, 455 (1985), we conclude that the record supports the BOP's decision. The evidence, including Strausbaugh's admission that he had mailed a copy of another inmate's administrative appeal to

the inmate's wife, and the reporting officer's assertion that the inmate was under mailing restrictions in relation to his wife, supported a finding that Strausbaugh's actions were an attempt to use the mail system to circumvent mail monitoring.

**AFFIRMED.**